UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korei J. Bull, | ) C/A No. 4:06-1179-RBH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| Dean Foods; | )    Report and Recommendation |
| Pet Dairy/Land-o-Sun; | ) |
| CIA-FBI; | ) |
| State of South Carolina; | ) |
| City/County of Darlington; | ) |
| City/County of Florence, | ) |
| | ) |
| Respondents. | ) |

This matter has been filed pursuant to 28 U.S.C. § 2241 against several defendants. The "petition" itself is characterized by what some courts have described as "buzzwords" or "gibberish[.]" *See* Coghlan v. Starkey, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting cases); Peebles v. National Collegiate Athletic Association, 1988 U.S.Dist. LEXIS® 17247 (D.S.C., November 1, 1988)(magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]; and United States v. Messmer, 598 F. Supp. 992, 993 (C.D.Cal. 1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"). In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in Bryant v. U Haul, 1994 WESTLAW® 67803 (E.D.Pa., February 25, 1994)("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish."). *See also* Lindsay v. Mid-Continent Fed. S&L Ass'n, 1995 WESTLAW® 254261 (D.Kan., April 26, 1995); and *cf.* In Re Urcarco Securities Litigation, 148

F.R.D. 561, 566 (N.D. Texas 1993), *affirmed*, <u>Melder v. Morris</u>, 27 F.3d 1097 (5th Cir. 1994). Although it is difficult to discern from the pleadings, the petitioner appears to be complaining about a job he previously held and the circumstances that led to his present confinement in the Darlington County Detention Center.

This is not the first case petitioner has filed in this District. A review of the Court's records reveal petitioner currently has a pending case against Dean Foods and Pet Dairy a/k/a Land-o-Sun Dairies, regarding his Title VII claims. *See* <u>Bull v. Dean Foods, *et. al.*</u>, C/A No. 4:06-267-RBH-TER. According to the "Defendant's Memorandum in Support of Motion to Dismiss", filed in C/A No. 4:06-267-RBH-TER, Land-o-Sun Dairies, LLC is a wholly-owned subsidiary of Dean Foods, and Pet Dairy is a trade name for products marketed by Land-o-Sun Dairies, LLC.

Petitioner also previously filed a complaint titled "Writ of Habeas Corpus Discrimination/Retaliation Title VII Civil Rights Act 1964." *See* <u>Bull v. Dean Foods, *et. al.*</u>, C.A. No. 4:06-902-RBH-TER. In C.A. No. 4:06-902-RBH-TER, petitioner raised claims similar to those he raised in his first case against defendant Dean Foods, but he also named the State of South Carolina, the City of Darlington and the County of Darlington in his complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, (1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are

held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department of Social Services</u>, 901 F.2d 387,  (4th Cir. 1990).

Since   a prisoner's custodian is the proper respondent in a habeas corpus action, *See* <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004), it is presumed the plaintiff has named the respondents for purposes of pursuing his Title VII claims.  It is not necessary to re-examine those claims raised against defendants "Dean Foods"," Land-o-Sun Dairies" and "Pet Dairy".  *See* <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, <u>supra</u>, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files
> and records and it had no duty to grind the same corn a second time.
> Once was sufficient.

<u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, <u>supra</u>, 425 F.2d at 1296.  *See also* <u>United States v. Parker</u>, 956 F.2d 169, 171 (8th Cir. 1992).

As for petitioner's allegations pertaining to his arrest, and detention, petitioner's exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies.  Although 28 U.S.C. § 2241 contains no express reference to

exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241 also. *See*, *e.g.*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). *Cf.* Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[*] Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, *supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try

---

[*]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, (Tex. App. Fort Worth 1990).

state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Cf.* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); and Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985).

If the petitioner is convicted in his pending criminal case, he has the remedy of filing a direct appeal. If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Therefore, petitioner's claims pertaining to his arrest, and detention should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert.*

*denied*, 400 U.S. 906 (1970); Baker v. Marshall, 1995 WL 150451(N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

### ***The petitioner's attention is directed to the important notice on the next page.***

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
June 12, 2006

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

## WARNING TO PRO SE LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

_YOU_ ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. _YOU_ MUST REMOVE CERTAIN _PERSONAL IDENTIFYING INFORMATION_ FROM ALL DOCUMENTS _BEFORE_ YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, _a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court_. This rule applies to _ALL_ documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

**(a) Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
**(c) Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
**(d) Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
**(e) Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (_e.g._, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).